UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ERIN TREAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:20-cv-242 |
| | ) |
| NEW ALBANY FLOYD COUNTY | ) |
| CONSOLIDATED SCHOOL CORP., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Erin Treat ("Treat"), by counsel, against Defendant, New Albany Floyd County Consolidated School Corp. ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.*

**II. PARTIES**

2. Treat is a resident of the State of Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C.§1343 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Treat was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Treat satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on gender. Treat received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. In or around August 2018, Treat was hired by Defendant as an Assistant Coach for the New Albany High School Girls Basketball team.

10. At all relevant times, Treat met or exceeded Defendant's legitimate performance expectations.

11. On or about December 5, 2019, Treat intervened in an altercation between two of her players during a game.

12. Treat attempted to deescalate the situation and refocus the players on the game.

13. One of the players disregarded Treat in a disrespectful way, so Treat attempted to stop her to address her attitude.

14. The following day, the head coach of the Girls Basketball team told Treat that BJ McAlister ("McAlister"), Athletic Director, had told her that Treat would be suspended as a result of the incident.

15. Later that day, Treat met with McAlister to discuss the incident.

16. On or about December 9, 2019, McAlister met with Treat again and informed her that her employment was being terminated.

17. McAlister indicated that Treat would receive a letter detailing the reason for her termination, but no such letter has been provided.

18. Similarly situated male coaches have engaged in similar or worse conduct with players and have neither been disciplined nor terminated from employment.

19. Treat raised the issue of disparate treatment between herself and male coaches, and McAlister was unable to differentiate the behavior or justify the disparate treatment in any cogent manner.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – GENDER DISCRIMINATION

20. Treat hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21. Defendant violated Treat's rights and discriminated against her based on her gender.

22. Defendant's actions were intentional, willful, and in reckless disregard of Treat's rights as protected by Title VII of the Civil Rights Act of 1964.

23. Treat has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Erin Treat, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre-and post-judgement interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 N. Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:            ad@bdlegal.com
*Counsel for Plaintiff, Erin Treat*

## DEMAND FOR JURY TRIAL

Plaintiff, Erin Treat, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 N. Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:            ad@bdlegal.com
*Counsel for Plaintiff, Erin Treat*